IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTEO GOMEZ,

    Plaintiff,   No. CIV S-08-2905 DAD P

  vs.

KOTILA, et al.,

    Defendants.   <u>ORDER</u>

_____/

    Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred to this court from the U.S. District Court for the Northern District of California. Plaintiff has not filed an application to proceed in forma pauperis. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to file a properly completed application to proceed in forma pauperis.

    Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a

/////

/////

/////

/////

1

1  certified copy of plaintiff's prison trust account statement for the six-month period immediately
2  preceding the filing of this action.¹

3        The court will also dismiss plaintiff's complaint and grant him leave to file an
4  amended complaint.  Plaintiff did not answer all the questions appearing on the form complaint.
5  In addition, it is not clear what constitutional right plaintiff is claiming was violated, or how each
6  defendant was involved in the alleged constitutional violation.

7        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

/////

---

¹ Plaintiff filed a certificate of funds; however, the date on the form has been altered.  The in forma pauperis application includes a certificate section that must be completed by the authorized prison official.  Plaintiff is cautioned not to make any alterations to that certification.

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of service of this order, a properly completed application to proceed in forma pauperis on the form provided with this order;

2. Plaintiff's complaint, filed on November 17, 2008, is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court and answer each question;

4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action and the court's form complaint for a § 1983 action.

DATED: December 12, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
gom2905.3amd