1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTEO GOMEZ,

11             Plaintiff,                    No. CIV S-08-2905 DAD P

12        vs.

13   KOTILA, et al.,

14             Defendants.              ORDER

15   _____/

16         Plaintiff is a state prisoner proceeding pro se with an amended complaint filed on

17   December 29, 2008.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an

18   application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred

19   to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C.

20   § 636(b)(1).

21         Plaintiff has submitted an in forma pauperis application that makes the showing

22   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

23   pauperis.

24         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

26   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

1

1  U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

2  the preceding month's income credited to plaintiff's prison trust account.  These payments shall

3  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

4  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

5  § 1915(b)(2).

6         The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11 U.S.C. § 1915A(b)(1) & (2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18 Cir. 1989); Franklin, 745 F.2d at 1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22 Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

23 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

24 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

25 must contain factual allegations sufficient "to raise a right to relief above the speculative level."

26 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,

425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable

to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

411, 421 (1969).

        In his amended complaint, plaintiff alleges that defendant Dr. Kotila has verbally

abused and belittled plaintiff because of his limited English abilities and has commented that

plaintiff should be placed in an EOP program for prisoners with serious mental health problems.

As relief, plaintiff seeks:  "To sue him for deformation [sic] of character and discrimination and

mental abuse."

        Plaintiff is advised that neither verbal abuse nor the use of profanity violate the

Eighth Amendment proscription against cruel and unusual punishment.  Oltarzewski v. Ruggiero,

830 F.2d 136, 139 (9th Cir. 1987) (upholding summary judgment on claim that defendant used

vulgar language; profanity, verbal abuse and verbal harassment do not state a constitutional claim

under 42 U.S.C. § 1983); see also Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  In addition,

no Federal civil action may be brought by a prisoner confined in a jail,  prison, or other

correctional facility, for mental or emotional injury suffered  while in custody without a prior

showing of physical injury.  42 U.S.C. § 1997e(e).  Lastly, plaintiff's amended complaint fails to

provide any allegations of constitutional violation by defendants Morgenstern, Fisherman, and

Bruce.

        In the interest of justice, the court will provide plaintiff with a final opportunity to

amend his complaint to state a cognizable claim for relief.  If plaintiff chooses to file a second

amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a

deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d

227 (9th Cir. 1980).  The second amended complaint must allege in specific terms how each

named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability

under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

1  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

2  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

3  1978).  Vague and conclusory allegations of official participation in civil rights violations are not

4  sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5          Plaintiff is informed that the court cannot refer to a prior pleading in order to

6  make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an

7  amended complaint be complete in itself without reference to any prior pleading.  This is

8  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

9  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

10  pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

11  in an original complaint, each claim and the involvement of each defendant must be sufficiently

12  alleged.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's December 29, 2008 application to proceed in forma pauperis

15  (Docket No. 10) is granted.

16          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

17  The fee shall be collected and paid in accordance with this court's order to the Director of the

18  California Department of Corrections and Rehabilitation filed concurrently herewith.

19          3.  Plaintiff's amended complaint (Docket No. 9), filed on December 29, 2008, is

20  dismissed.

21          4.  Plaintiff is granted thirty days from the date of service of this order to file a

22  second amended complaint that complies with the requirements of the Civil Rights Act, the

23  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

24  must bear the docket number assigned to this case and must be labeled "Second Amended

25  /////

26  /////

4

1   Complaint"; failure to file a second amended complaint in accordance with this order will result

2   in a recommendation that this action be dismissed without prejudice.

3   DATED: January 26, 2009.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:4
    gom2905.14a

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26